UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Erika Schubert, <br><br> Plaintiff, <br><br> v. <br><br> Chrysler Capital LLC, Equifax Information Services LLC. Experian Information Solutions, Inc., and TransUnion, LLC. <br><br> Defendants. | Case No.: 3:21-cv-380 |

# COMPLAINT

COMES NOW Plaintiff, Erika Schubert by and through counsel undersigned, upon information and belief, herby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Jefferson, Wisconsin.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is

defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Chrysler Capital LLC, is a corporation existing and operating under the laws of the State of Wisconsin and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies:

5. Chrysler Capital has the following designated service agent for service within the State of Texas as follows: CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201.

6. At all times pertinent hereto, Chrysler was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

7. Defendant, Equifax Information Services LLC, is a credit reporting agency, licensed to do business in Wisconsin and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY, 8040 Excelsior Drive, Ste. 400. Madison, WI 53717.

8. Defendant, Experian Information Solutions, Inc., is a credit reporting agency, licensed to do business in Wisconsin and has designated the following registered statutory agent: CT Corporation System, 8020 Excelsior Dr. Ste. 200 Costa Mesa, WI 53717.

9. Defendant, Trans Union LLC, is a credit reporting agency, licensed to do business in Wisconsin and has designated the following registered statutory agent: The Prentice-Hall Corporation System, Inc. 8040 Excelsior Drive Suite 400 Madison, WI 53717.

10. Defendant Equifax, Experian, and Transunion are, and at all times relevant hereto were, regularly doing business in the State of Wisconsin.

11. Equifax, Experian, and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third

parties.

12. Equifax, Experian, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendant Equifax, Experian, and Transunion each was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

14. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Jefferson County, Wisconsin and Defendants do business in Wisconsin.

16. Personal jurisdiction exists over Defendants as Plaintiff resides in Wisconsin, Defendants have the necessary minimum contacts with the state of Wisconsin, and this suit arises out of specific conduct with Plaintiff in Wisconsin.

### IV.     FACTUAL ALLEGATIONS

17. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Chrysler, Equifax, Experian, and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

18. Equifax, Experian, and Transunion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

19. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

20. Equifax, Experian, and Transunion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

21. In April 2021 Plaintiff discovered the Defendant Chrysler's account (the

"Account ") was being reported in error.

22. The Account is reported in error as it is being reported with a 90-day late payment for the month of October 2018.

23. Plaintiff did not miss a payment October 2018 or for the months leading up to October 2018.

24. The late payment marking on the Account has become a permanent component of the Plaintiff's credit profile and are reported to those who ask to review the credit history of Plaintiff.

25. Defendant Chrysler continued, erroneously, to report the Account to Equifax, Experian, and Transunion.

26. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

27. On or about April, 7, 2021, Plaintiff sent a written dispute to Equifax, Experian, and Transunion (the "Disputes"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax, Experian, and Transunion consumer report.

28. Upon information and belief, Equifax, Experian, and Transunion forwarded Plaintiff's Dispute Letter to Defendant Chrysler.

29. Upon information and belief, Chrysler received notification of Plaintiff's Dispute Letter from Equifax, Experian, and Transunion.

30. Chrysler did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

31. Equifax, Experian, and Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with

respect to the disputed information and the accuracy of the Account.

32. Upon information and belief, Chrysler failed to instruct Equifax, Experian, and Transunion to remove the false information regarding the Account reporting on Plaintiff's consumer report.

33. Equifax, Experian, and Transunion employed an investigation process that was not reasonable and did not remove the false information regarding the Inquiry identified in Plaintiff's Dispute Letters.

34. At no point after receiving the Dispute Letter did Chrysler and/or Equifax, Experian, and Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

35. Equifax, Experian, and Transunion relied on its own judgment and the information provided to them by Chrysler rather than grant credence to the information provided by Plaintiff.

## COUNT I – EQUIFAX, EXPERIAN, AND TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

36. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

37. After receiving the Disputes, Equifax, Experian, and Transunion failed to correct the false information regarding the Account reporting on Plaintiff's Equifax, Experian, and Transunion consumer report.

38. Defendant Equifax, Experian, and Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax, Experian, and Transunion published and maintained concerning Plaintiff.

39. As a result of this conduct, action and inaction of Defendant Equifax, Experian, and Transunion Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and

interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Defendant Equifax, Experian, and Transunion's conduct, action, and inaction was willful, rendering Defendant Equifax, Experian, and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Defendant Equifax, Experian, and Transunion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, Experian, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX, EXPERIAN, AND TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

43. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

44. After receiving the Disputes, Equifax, Experian, and Transunion failed to correct the false information regarding the Inquiry reporting on Plaintiff's Equifax, Experian, and Transunion consumer report.

45. Defendant Equifax, Experian, and Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

46. As a result of this conduct, action and inaction of Defendant Equifax, Experian, and Transunion Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks

damages in an amount to be determined by the trier of fact.

47. Defendant Equifax, Experian, and Transunion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant Equifax, Experian, and Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, Experian, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – CHRYSLER

Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

50. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

51. After receiving the Dispute Letters, Chrysler failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

52. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Chrysler's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Chrysler's representations to consumer credit reporting agencies, among other unlawful conduct.

53. As a result of this conduct, action, and inaction of Defendant Chrysler, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendant Chrysler's conduct, action, and inaction were willful,

rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendant Chrysler was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorney's fees from Defendant Chrysler pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   June 7, 2021

                                MCCARTHY LAW, PLC

                                */s/Joseph Panvini*
                                Joseph Panvini, Esq.
                                MCCARTHY LAW, PLC
                                4250 North Drinkwater Blvd, Suite 320
                                Scottsdale, AZ  85251

Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff